## CARVER v. HUSKEY, *Appellant.*

**Antecedent Threats as Evidence.** In an action for malicious destruction of personal property, declarations or threats of a general character made by the defendant in advance of the act charged and pointing to its commission, are competent evidence, and this without reference to their nearness or remoteness in point of time.

*Appeal from Jefferson Circuit Court.*—HON. L. F. DINNING, Judge.

AFFIRMED.

*Williams & Green* for appellant.

*Dinning & Byrns* for respondent.

EWING, C.—Carver sued Huskey before a justice of the peace for wantonly and maliciously killing his hound, and recovered judgment. Huskey appealed to the circuit court, where Carver again had judgment, from which Huskey appeals to this court.

Upon the trial before the circuit court the plaintiff, among other things, offered to prove that defendant had told witness sometime before the alleged killing that "he and his neighbors were going to put a stop to people hunting in their neighborhood; and if they did not keep out of that neighborhood with their hounds, they would be prosecuted and their hounds killed;" that defendant also told a witness that he, defendant, "sent word to Sam Byrns and Andrew Huskey that if they brought their hounds out into his neighborhood he would kill them." These declarations or threats were objected to by the defendant, but the court overruled his objection, and he asks that the judgment be reversed because of their admission as evidence. There was other evidence in the case upon which the jury might very well have based their verdict, but these statements are alleged by the defendant to be incompetent.

In *Benedict v. State*, 14 Wis. 423, which was an indictment for murder, the court says: "The prisoner, while exhibiting the knife with which he is charged to have committed the murder, said that he would take some man's life before next Sunday," and to other witnesses he used "general threatening language that the knife would probably be the death of some person before the week was out," that he "had made up his mind to kill a man." "These declarations were correctly received and submitted to the consideration of the jury." When contemplating some unlawful or malicious act, men are prone to exhibit malicious intent by mysterious inuendoes or threats, or boasts

of what will be done. It seems that such declarations, even in capital cases, are admissible in evidence and should go to the jury as circumstances tending to show the disposition of the party, and to be considered with other independent proof of the crime committed or the act charged. It is for the jury to pass upon the weight of such declarations. They simply amount to one of the many circumstances before the jury for their consideration, and are admissible as such. They are straws which may point the way to some contemplated act or crime, which subsequent facts may demonstrate has been committed; and if admissible in capital cases, would be competent in the case at bar. *Benedict v. State,* 14 Wis. 423; Wills Cir. Ev., 62; *State v. Grant, ante,* p. 113. The remoteness or nearness of time as to threats or declarations, pointing to the act subsequently committed, makes no difference as to the competency of the testimony. *Keener v. State,* 18 Ga. 194, and authorities there cited; *State v. Guy,* 69 Mo. 430; *State v. Adams,* 76 Mo. 355; *State v. Hoyt,* 46 Conn. 330; *State v. Grant, supra.*

This case being for the malicious and wanton destruction of personal property, (R. S. 1879, § 3929,) the declarations complained of are competent, as tending to show the malicious intent and to be considered by the jury for that purpose. Let the judgment be affirmed. PHILIPS, C., concurring; MARTIN, C., absent.