THE SOUTHERN EXPRESS COMPANY, *Appellant*, v. MOELLER *et al.*

1.  **Express Company**: AGENT: BOND.  Where an express company seeks to recover on the bond of its agent for its breach in receiving a package to be forwarded to its destination and which was not forwarded or accounted for, it must show that the defendant received the package as its agent.

2.  **New Trial**: NEWLY DISCOVERED EVIDENCE.  A motion for a new trial on the ground of newly discovered evidence, *held*, properly refused.

*Appeal from Mississippi Circuit Court.*—HON. J. D. FOSTER, Judge.

AFFIRMED.

*H. C. O'Bryan* for appellant.

The plaintiff was entitled to recover. *Ladere v. Griffith*, 25 N. Y. 364; *Blossom v. Griffin*, 13 N. Y. 569; *Wade v Wheeler*, 47 N. Y. 658; *Michigan Railroad v. Schurz*, 7 Mich. 515; *Merriam v. Railroad*, 24 Conn. 354; *Ackley v. Staelin*, 56 Mo. 558. A new trial should have been granted because of newly discovered evidence. *State v. Ray*, 53 Mo. 345.

*F. P. Wright* and *Smith & Krauthoff* for respondent.

The plaintiff was not entitled to recover. *Condon v. Railroad*, 21 N. W. Reporter, 321. Nor was the plaintiff entitled to a new trial on the ground of newly discovered evidence. *State v. Ray*, 53 Mo. 345; *Cook v. Railroad*, 55 Mo. 380.

DEARMOND, C.—This is an action on a bond of M. D. Moeller, as principal, and J. H. Bethune and Mosser Ward, as sureties, to the Southern Express Company, conditioned for the faithful performance by Moeller of his duties as employe of said company. For alleged breach it is charged that said Moeller as agent of plaintiff received, to be forwarded to its destination, a sealed package addressed to D. A. Mitchell, Dexter, Missouri, containing four hundred dollars; that he never forwarded or accounted for the same, and his sureties have not accounted therefor, and plaintiff had been compelled to pay the amount thereof to said consignee, etc. The answer was a general denial. No declarations of law were given or asked; the trial was by the court upon the

pleadings and bond and this agreed statement of facts: "It is agreed that the Southern Express Company is a corporation and common carrier as stated in the petition. That Moeller, Bethune and Ward executed the bond sued upon. That a package containing four hundred dollars was sent from Erin, Tennessee, by agent of Southern Express Company to D. M. Mitchell, Dexter, Missouri. That said package of four hundred dollars was conveyed by said Southern Express Company to Columbus, Kentucky, and then transferred to the Adams Express Company, to be forwarded to Charleston, Missouri, at which place it was delivered to M. D. Moeller, as agent of said Adams Express Company, who was also agent for the Southern Express Company at Charleston, Missouri. That M. D. Moeller, upon receipt of said package from the Adams messenger on the Belmont and St. Louis line, signed the book of said messenger for said package as agent of Adams Express Company. This is the last trace of said package. It was the duty of said Moeller, as agent of said Adams Express Company, to have entered the same on the record book of the Adams Express Company, which entry was never made. It was his duty as agent of the Southern Express Company to enter in the forwarding book of said Southern Express Company all packages received from the agent of the Adams Express Company, and also from all other parties. No entry was ever made in the forwarding book of said Southern Express Company of this package. It is further agreed that the four hundred dollars was not accounted for by said Moeller to either of said companies, and that the Southern Express Company long before the commencement of this suit paid said consignee, D. M. Mitchell, the said sum of four hundred dollars. It is further agreed that the Adams Express Company, in transporting said parcel of four hundred dollars to Charleston, Missouri, did carry and convey to its office nearest to destination, and that it was the duty of the agent of

said Southern Express Company to forward, without notice, the said parcel to Dexter, Missouri, when delivered to him, and that said parcel was not forwarded. That said M. D. Moeller, as agent of Southern Express Company at Charleston, Missouri, was the only person to receive matter from the public offered for shipment to the Southern Express Company, and it was also his duty to receive from the Adams Express Company all matter offered by that company and destined to points in the territory of said Southern Express Company. That said M. D. Moeller was the only medium of transfer from the Adams Express Company to the Southern Express Company at Charleston. That Adams Express Company occupied the line of road between Columbus, Kentucky, and St. Louis, and that Southern Express Company occupied the road between Cairo and Poplar Bluff, on which Dexter, Missouri, is situated. That said Adams Express Company did transport and convey said parcel to Charleston, Missouri, and this was as far as said company could carry said parcel on its own routes or lines, and that Charleston, Missouri, was the nearest Adams Express Company's office to said destination, Dexter, Missouri."

The finding and judgment were for defendants and plaintiff appealed.

I. But one issue was raised by the pleadings and evidence: Did M. D. Moeller, *as agent of the Southern Express Company*, receive the four hundred dollar package addressed to D. A. Mitchell? The burden of proof rested upon plaintiff. The parties agreed that Moeller received the package "*as agent of Adams Express Company*," from the messenger on the Belmont & St. Louis line and "signed the book of said messenger for said package as agent of Adams' Express Company. * * * This is the last trace of said package." We know not whether these companies had different offices or occupied the same office. If different, we know not how far apart the offices were, nor at which the transfer should

have been made. Nor do we know that the package ever reached any office, though the inference that it reached the Adam's office is a fair one. We only know that it went into the hands of Moeller, *as Adam's agent*, and "this is the last trace of said package." We must conclude with the trial court that plaintiff did not make a case.

II. By the affidavits filed in support of the motion for a new trial it appears that plaintiff had discovered, since the trial, that it could prove by its route agent, who signed for it the agreed statement of facts upon which the case was tried, and by its cashier and auditor, that, according to the custom and usage of express companies, Moeller had really received the money package for the plaintiff. Also, that the two companies had but one office in Charleston, and that was in a room in the railroad station, which they occupied together. And that Moeller was hired and paid by the two companies jointly. There is here no discovery. The plaintiff's officers merely disclosed in their affidavits what they knew before the trial, but did not deem of sufficient importance to submit to the court with, or as part of, the agreed facts of the case, or to mention to plaintiff's attorney. So, without stopping to consider whether plaintiff's case would really be materially strengthened by this additional evidence we need but say there was no error in the refusal to open the case to let it in on another trial. *State v. Ray*, 53 Mo. 345. The judgment should be affirmed. All concur.