CULBERTSON *et al.* v. HILL,, *Appellant.*

87 553
32a 656
87 553
99 79
87 553.
38a 659
87 553
44a 196
87 553
52a 349
87 553
148 485
87 553
160 55
87 553
97a 1200

1. **Practice** : FINDING OF JURY. Where there is sufficient evidence to go to the jury, and proper instructions are given, their finding is conclusive.

2. ———— : EVIDENCE : THREATS. Evidence of threats, general or special, or verbal indications of a similar nature, of the intended commission of a wrongful or criminal act, is admissible in both civil and criminal cases.

3. ———— : ———— : VERDICT. A verdict may be based upon circumstantial evidence alone.

4. ———— : NEW TRIAL : AFFIDAVIT. The affidavit of an applicant for new trial must allege that the verdict is unjust and that the applicant has merits.

5. ———— : ———— : ————. The information, as to the evidence upon which a new trial is asked, must come directly from the affidavit of the witnesses to whom the applicant for a new trial refers, or good cause must be shown for failure to so furnish it.

6. ———— : ————. Newly discovered evidence which is merely cumulative, or which is not sufficiently material to probably change the result, if a new trial were granted, will not warrant the granting of the same.

*Appeal from Christian Circuit Court.*—D. M.
PAYNE, ESQ., Special Judge.

AFFIRMED.

The petition alleges that "Defendant did at Christian county, Missouri, on the —— day of March, A. D. 1882, maliciously destroy certain live stock, to-wit: one sorrel horse of the value of one hundred and twenty-five dollars, the separate personal property of the plaintiff, Mahala Culbertson, and in her possession, by then and there shooting and killing said horse contrary to the provisions of section 3928 of chapter 67 of the Revised Statutes of Missouri; that plaintiffs are husband wife,

wherefore G. A. Culbertson is made a plaintiff in this action ; that the plaintiff, Mahala J. Culbertson, is by reason of the killing of said horse by defendant damaged in the sum of two hundred and fifty dollars, being double the value of said horse, for which sum of two hundred and fifty dollars she asks judgment under the provisions of the statutes aforesaid, with costs." The court instructed the jury for the plaintiff, that they might find their verdict upon circumstantial evidence, and " that if the circumstantial evidence in this case convinces you that defendant shot and killed, or procured the shooting and killing of plaintiffs', Mahala's horse, you will find the issues for the plaintiffs."

*T. J. Gideon* and *J. M. Patterson* for appellant.

(1) The burden of proof in this case was on the plaintiff. 1 Greenleaf on Evid. (Redf. Ed.) p. 86, sec. 74. (2) The Supreme Court will reverse on a question of fact which is material to plaintiffs' right to recover. In this case, the question whether defendant killed the horse was a material fact to be established by plaintiff, and which was wholly without proof. *Schmeidwig v. Ewing*, 57 Mo. 78 ; *Dido v. White*, 50 Mo. 241 ; *Hodges v. Black*, 76 Mo. 537. (3) Punitory damages are not allowed in this case, it being a civil action. (4) The instructions given for plaintiff were not predicated on the petition or the evidence. They were misleading and erroneous. *McKeon v. Ry. Co.*, 42 Mo. 79 ; *Lester v. Ry. Co.*, 60 Mo. 265 ; *State ex rel., v. Emmerson*, 74 Mo. 607 ; *Bowen v. Ry. Co.*, 75 Mo. 426 ; *Price v. Ry. Co.*, 77 Mo. 508. (5) Plaintiffs' fourth instruction was a summing up and comment on the evidence and was erroneous. *State v. Smith*, 53 Mo. 267 ; *Jones v. Jones*, 57 Mo. 138. (6) The court erred in not granting defendant a new trial. R. S., sec. 3704.

*Jas. J. Gideon* and *W. D. Hubbard* for respondent.

(1) The petition is sufficient.    R. S., sec. 3928; *Kennayde v. Ry.*, 45 Mo. 255; *Hewitt v. Harvey*, 46 Mo. 368. (2) It was proper for the jury to find the value of the property and for the court to double the amount so found. *Brewster v. Link*, 28 Mo. 147.    (3) Appellant's motion for new trial was insufficient.    *Caldwell v. Dickson*, 29 Mo. 227; R. S., sec. 3704; *Meechum v. Judy*, 4 Mo. 361. A new trial will not be granted unless the verdict is so against the evidence as to raise the presumption that the jury acted from prejudice, corruption or gross ignorance. *Renick v. Walton*, 7 Mo. 292; *Watts v. Douglas*, 10 Mo. 676; *Reid v. Ins. Co.*, 58 Mo. 421; *Hodges v. Black*, 76 527.    (4) Plaintiffs' instructions properly declared the law.    It was competent for the jury to base their verdict on circumstantial evidence.  1 Greenleaf on Evid. (13 Ed.) pages 18, 19, sec. 13, note 1, and authorities.    Appellant's instructions were very favorable to him.

SHERWOOD, J.—Action under section 3928 for malicious trespass committed by killing a sorrel horse.    On the cause being tried the jury found the verdict for plaintiffs for the sum of one hundred dollars, which the court, under the section above mentioned, doubled.    The petition is well enough and states a cause of action under the section of the statute on which plaintiffs rely.    As to the evidence, though largely circumstantial, it, coupled with prior threats, etc., of defendant, was sufficient to go to the jury; and their finding, when this is the case and the proper instructions are given, is final.    And evidence of threats, general or special, or verbal indications of a similar nature, of the intended commission of a wrongful or criminal act, are admissible in both civil and criminal cases.    *Carver v. Huskey*, 79 Mo. 509; *State v. Dickson*, 78 Mo. 438; *State v. Grant*, 79 Mo. 113, and cases cited.

The instructions given very fairly presented the matters in issue to the jury, so far as the defendant is concerned; indeed, it may be said that they are too favorable to him; for while those for plaintiffs placed on the latter the burden of proof in order to recover, the first instruction for the defendant told the jury that before the plaintiffs could recover, the law demanded that the plaintiffs should show "by *clear and certain proof* that defendant did maliciously kill," etc. This is almost equivalent to saying "*beyond a reasonable doubt.*"

I have no fault to find with the fourth instruction given at the instance of plaintiffs, in relation to the sufficiency of circumstantial evidence. Plaintiffs' evidence was almost, if not altogether, composed of such evidence, and they had the right to have an instruction as to the force and effect of such evidence, and the one given was not a comment on the evidence.

I come now to defendant's motion for a new trial, all other points embraced in it having been sufficiently discussed already, except that in relation to defendant's having been surprised at the testimony of plaintiffs and their sons. It is enough to say on this point, that the affidavit does not meet the requirements of the law in such cases. (1) There is no statement therein that the verdict is unjust or that defendant has merits. *Meechum v. Judy*, 4 Mo. 361. (2) The affidavit of Pharis was not produced to show whether his testimony would establish that plaintiffs and their sons swore differently, on the trial before him, to what they did in the circuit court in relation to the horse being "hauled on a wagon and dumped off," etc. The information in such cases must come directly from the affidavit of the witness to whom the applicant for a new trial refers; or there must be good cause shown for failing to do so. (3) The evidence of Pharis, even if brought forward, would have been merely cumulative on the point mentioned. (4) It does not appear that Pharis's testimony would have been so material

as to change the result, if a new trial were granted. *Caldwell v. Dickson*, 29 Mo. 227; *State v. Ray*, 53 Mo. 345. For these reasons judgment affirmed. All concur.