## THE STATE, *Appellant*, v. ROCKETT,

1. **Criminal Practice :** INSTRUCTION AS TO REASONABLE DOUBT. On the trial of a criminal offence, the instruction as to a reasonable doubt of defendant's guilt should not be based upon any particular defence, or part of the evidence, but should be a general instruction having reference to all the evidence in the case.

2. ——— : SECONDARY EVIDENCE. Proof by oral evidence of the previous conviction of a witness of a crime is competent if such evidence is not objected to.

3. ——— : NEW TRIAL : NEWLY DISCOVERED EVIDENCE. Testimony, merely cumulative or the effect of which is only to discredit or impeach a former witness, is unavailing in a motion for a new trial on the ground of newly discovered evidence.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*B. G. Boone*, Attorney-General, for the state.

(1) The instruction as to a reasonable doubt covered the whole case, and the instruction as to an *alibi* was as full, fair and complete as the evidence justified or the law warranted. The defence of an *alibi* is mere ordinary evidence in rebuttal, and it should be tested as other evidence. 1 Bish. Cr. Pro. (3 Ed.) sec. 1062; *State v. Jennings*, 81 Mo. 190. (2) It was sought by the state, on cross-examination, to show that Cassiday had been convicted for stealing. He denied it, and the best evidence possible—the record of his conviction—was introduced to impair his credit for veracity. The witness was not an impartial one. He was asked the question, on cross-examination, and the record of his conviction was subsequently introduced, not for the purpose of contradicting him, but to impeach his credit for veracity. This was proper. 1 Greenl. Ev. (8 Ed.) sec. 375; 1 Greenleaf's Ev. (12 Ed.) sec. 459; Ros. Crim. Ev. (7 Ed.) 102; *Garrett v. State*, 6 Mo. 1; *State v. Shields*, 13 Mo. 236; *State v. Grant*, 79 Mo. 113. The record of the witness' conviction was admissible even if he had not been questioned as to such conviction by the state. *State v. Kelsoe*, 76 Mo. 505.

*Gist Blair* for respondent.

(1) The trial court committed error in failing to apply, by an instruction, the question of a reasonable doubt to the defence of *alibi*. *State v. Lewis*, 69 Mo. 92. A trial court, whether requested or not, must, in a criminal case, instruct the jury as to the law. *State v. Banks*, 73 Mo. 592; *State v. Branstetter*, 65 Mo. 149. (2) A new trial should have been granted, because of newly discovered evidence. (3) The court erred in per-

mitting the attorney for the state to ask defendant and witness Cassiday, on cross-examination, if they had been convicted of vagrancy and larceny, and then afterwards to introduce record evidence in relation to such vagrancy and larceny to discredit them. 1 Greenl. Evid. (14 Ed.) secs. 448-9; *Stokes v. People*, 53 N. Y. 164.

SHERWOOD, J.—Defendant was indicted for robbery in the first degree, found guilty and sentenced accordingly. He appealed to the St. Louis court of appeals, where the judgment was reversed, and the state appeals here.

I. I find no fault with the instructions. One was given in respect of the *alibi* of the defendant, and then a general instruction was given as to reasonable doubt. This last covered the whole case, and in terms applied to all the evidence in it. It was not necessary, and it would be without parallel in criminal practice to link, *seriatim*, the idea of reasonable doubt to every atom of evidence in the cause. Evidence of an *alibi* is only ordinary evidence in rebuttal. 1 Bish. Crim. Proc., secs. 1062, 1066. And is to be treated of in the instructions in the same way as is other evidence of like sort. *State v. Jennings*, 81 Mo. 185. For these reasons, *The State v. Lewis*, 69 Mo. 92, does not apply here, for there, no instructions on *alibi* were given.

II. The admissibility of questions asked defendant and one of his witnesses Cassiday on cross-examination, as to whether they had been convicted of vagrancy and of larceny is a point not to be considered, for the reason that no objections were made or exceptions saved to these questions. Greenleaf, in relation to "infamy proved only by judgment," says, in substance, that the guilt of the party may be shown by oral evidence, or even by his own admission, if the evidence be not objected to. 1 Greenl. Evid., sec. 375; *State v. Rugan*, 68 Mo. 214.

No objection having been taken to the aforementioned questions, the case stands here precisely as if no such evidence had been introduced or questions propounded. This being so, the subsequent admission over the objection of the defendant of the records of the police court, showing such convictions, cannot be properly assigned for error, since those records were perfectly competent evidence of the convictions therein mentioned, and the only competent evidence of the fact of previous *conviction*. *Ib.*, sec. 457. Oral evidence of the party's guilt, or of his admission to that effect, or even his plea of guilty, which has not been followed by a judgment, going only to the credibility of the witness, and not his competency. *Ib.*, sec. 375, *supra*.

III. But one point remains to be discussed, and that is newly discovered evidence, consisting of the affidavit of Bass Eddie, foreman of the Liggett & Myers Tobacco Company, that defendant had worked for that company the entire day, *i. e.*, from 7 a. m. to 5:30 p. m., of Saturday, October 6, 1883, the day the robbery is said to have occurred.

Kohlmentz had testified that on that day, between one and three o'clock, he had seen defendant at the fair grounds, and recognized him when he robbed him, as being the same man. The defendant, in his testimony, after having heard Kohlmentz testify as to seeing him at the fair grounds, did not deny that he was there at the time specified by the prosecuting witness, and yet, in his affidavit as to newly discovered evidence, he states that *since* the trial he had obtained evidence that he was not at the fair grounds on that day. If he was not at the locality mentioned it would have been a very obvious and natural thing for him to have denied it, and if he had done so, the evidence of Eddie would have been merely cumulative, *i. e.*, evidence of the same kind to the same point. The failure of defendant, when testify-

ing as a witness, to deny his presence at the fair grounds, must be regarded as inconsistent with his affidavit of newly discovered evidence, and, therefore, fatal to his motion for a new trial, for that reason if for no other. And, in this connection, it is not to be overlooked that Eddie does not appear to swear to facts, within his own knowledge, as to defendant's presence at the tobacco factory, for he states, in the conclusion of his affidavit, "that this all appears on the books of said company." Taking into consideration all these things, as well as the fact of defendant's presence at or near the scene of the robbery, at or about the time it was committed, being shown by others than the prosecuting witness, it would be going too far to hold that error was committed in denying the motion for a new trial, because of the point now discussed. These views are fully supported by the following authorities: *State v. Ray*, 53 Mo. 345; *State v. Butler*, 67 Mo. 59. In the latter case it is expressly ruled that testimony merely cumulative, or the effect of which is only to discredit or impeach a former witness, as was the case here, is unavailing in a motion for a new trial, on the ground of newly discovered evidence. Therefore, judgment of the court of appeals is reversed, and that of the criminal court affirmed. All concur.