THE STATE v. MILLER, *Appellant.*

Division Two, May 17, 1898.

1. **Larceny**: EVIDENCE. A pistol found on the defendant a short time after a burglary and larceny, corresponding in make, brand and calibre to some stolen from the store of the prosecuting witness, is admissible in evidence for the purpose of showing it was one of the same pistols.

2. **Criminal Law**: MATTERS OF EXCEPTION: MOTION FOR NEW TRIAL. The mere assignment of error in the motion for a new trial "that during the trial, statements were made by different persons in the presence and hearing of the jury, to the effect that defendant was a thief and had once before been convicted of burglary and larceny," is not evidence that such statements were made. Such matters must be preserved in the bill of exceptions, or otherwise proven. Neither does it avail anything to merely state in the motion that newly discovered evidence material to defendant's case has been found.

3. ———: NEWLY DISCOVERED EVIDENCE: AFFIDAVIT. A motion for a new trial on the ground of "newly discovered evidence material to the defendant's case" must be supported by his affidavit.

4. ———: ———: WHEN AVAILABLE. The rule adopted by this court concerning a new trial on the ground of newly discovered evidence is as follows: The application must show, *first,* that the evidence has come to defendant's knowledge since the trial; *second,* that it was not owing to the want of due diligence that it did not come sooner; *third,* that it is so material that it would probably produce a different result if the new trial were granted; *fourth,* that it is not cumulative; *fifth,* the affidavit of the witness himself should be produced, or his absence accounted for; *sixth,* that the object of the testimony is not merely to impeach the character of a witness.

*Appeal from Crawford Circuit Court.*—HON. L. B. WOODSIDE, Judge.

AFFIRMED.

*Farris & North* for appellant.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

(1) Defendant, in his motion in arrest of judgment, questions the sufficiency of the indictment; it

is drawn according to the long adopted and approved formula of this court. The objection is without merit. *State v. Henley*, 30 Mo. 509; Kelley's Crim. Law, sec. 609; 2 Russell on Crimes, p. 26. (2) Defendant, in his fourth clause for a new trial, set up the fact that during the trial of the cause statements were made in the presence and hearing of the jury that defendant was a thief and had once before been convicted of burglary and larceny. Allegations contained in the motion for a new trial do not prove themselves. There is nothing in the bill of exceptions and record which shows that such statements were made. Nor does it appear that such matters were ever brought to the attention of the trial court save by the unsupported declaration contained in the motion. (3) Neither the allegation nor the affidavit shows or charges that the newly discovered evidence is sufficiently material as would probably produce a different result if a new trial should be granted. *State v. McLoughlin*, 27 Mo. 111; *State v. Musick*, 101 Mo. 260; *State v. Ray*, 53 Mo. 345; *State v. Meyers*, 116 Mo. 394; *State v. Crawford*, 99 Mo. 74; *State v. Luke*, 104 Mo. 563. (4) The newly discovered evidence set out in the affidavit filed by defendant shows on its face that it is of such character as is intended to merely impeach the testimony and contradict the statements of witness W. E. Ross, who was introduced on the part of the State. Such evidence is not of sufficient strength to warrant the granting of a new trial. *State v. Welsor*, 117 Mo. 570; *State v. Smith*, 65 Mo. 313; *State v. Porter*, 108 Mo. 424; *State v. Howell*, 117 Mo. 507.

BURGESS, J.—At the August term, 1897, of the circuit court of Crawford county defendant was convicted of the crimes of burglary and larceny, and his punishment fixed at three years imprisonment in the peniten-

tiary for the burglary, and two years for the larceny. He appealed.   He is not represented in this court.

On the night of the twenty-ninth day of October, 1896, the store house of Bass, Vaughn & Lark at Steelville, ˙Crawford county, was broken into, and two double action revolvers of Harrington & Richards make were stolen, and whatever money was left in the cash drawer was also taken.   The entry was made through a back window, out of which a pane of glass was broken, thus making a place large enough, and through which the burglar entered. One of the revolvers was of thirty-two calibre, and the other thirty-eight.   They were worth $5 each, and the amount of money taken was something near $3.

A short time after the burglary defendant was found in possession of a new revolver of the same make as those taken from the ˙store, and the same calibre as that of one of them, and upon being questioned as to how he came by it made conflicting statements. To one witness he stated that he won it in a game of "craps" in Steelville; and to another that he had gotten it from his brother-in-law in a trade with him.   The store was securely closed up about seven o'clock on the evening of the night of the burglary.   Sometime between ten and eleven o'clock that night defendant was seen hanging around the front of the building.

Defendant introduced evidence tending to show that he purchased the pistol found in *his* possession from one Odel.

Defendant in his motion in arrest challenges the sufficiency of the indictment, but without we think any ground therefor.   It is in accord with forms often approved by this court, and in so far as we are able to perceive free from objection.

A number of causes are assigned in the motion for a new trial why the verdict should be set aside, and a

new trial granted to defendant. Among them are that the court admitted illegal and improper evidence on the part of the State, and excluded proper and legal evidence offered on the part of the defendant, but after carefully reading the record we have been unable to find wherein any such erroneous ruling was made. The pistol found in defendant's possession corresponded with one of those stolen from the store of Bass, Vaughn & Lark, and was admissible in evidence for the purpose of showing that it was one of the same pistols. It was for the jury to determine whether it was or not. *State v. Hopkirk*, 84 Mo. 278; *State v. Babb*, 76 Mo. *loc. cit.* 504.

The point is also made in the motion for a new trial that during the trial statements were made by different persons in the presence and hearing of the jury, to the effect that defendant was a thief, and had once before been convicted of burglary and larceny. But no such question was preserved by the bill of exceptions. The mere fact of assigning it as error, in the motion for a new trial, is not sufficient. Facts stated in a motion of this character do not prove themselves, but must be preserved by bill of exceptions or otherwise proven or they will not be noticed on appeal even if erroneous. *State v. Smith*, 114 Mo. 406; *State v. Foster*, 115 Mo. 448; *State v. Welsor*, 117 Mo. 570; *State v. Grant*, *post*, 56.

Defendant also insisted that a new trial should have been granted him upon the ground of newly discovered evidence. In support of this ground for a new trial, defendant introduced the affidavit of one James I. Towell, in which he contradicts the statements of one A. W. E. Ross, who testified in behalf of the State that he saw the defendant near the front part of the store house in question, about twelve o'clock on the night upon which it was burglarized, and that he

walked off around the building. The motion upon this ground was properly overruled for several reasons. *First.* The newly discovered evidence could have been material only for the purpose of contradicting the witness Ross, and was not sufficient ground for a new trial. The rule adopted by this court upon this subject is that announced by LUMKIN, J., in *Berry v. State,* 10 Ga. 511, which is as follows. "The application must show, *first,* that the evidence has come to his knowledge since the trial; *second,* that it was not owing to the want of due diligence that it did not come sooner; *third,* that it is so material, that it would probably produce a different result if the new trial were granted; *fourth,* that it is not cumulative; *fifth,* the affidavit of the witness himself should be produced, or his absence accounted for; *sixth,* that the object of the testimony is not merely to impeach the character of a witness." *State v. Ray,* 53 Mo. 349; *State v. Rockett,* 87 Mo. 666; *State v. Butler,* 67 Mo. 59; *State v. Welsor,* 117 Mo. 570. *Second.* The motion was not supported by the affidavit of the defendant, and for all that appears from the record he may have known at the time of the trial of this evidence, and neglected to avail himself of it. Merely stating in the motion, "because of newly discovered evidence material to the defendant's case," does not prove anything.

The instructions presented the case very fairly to the jury, and in so far as we have been able to discover, are free from objection.

The weight of the evidence was for the jury, and the court having approved of their verdict, we are not disposed to interfere. We accordingly affirm the judgment. GANTT, P. J., and SHERWOOD, J., concur.