St. Joseph Folding Bed Company, Appellant, v. Kansas City, Fort Scott and Memphis Railroad Company.

### Division Two, March 7, 1899.

1. **Appeals**: FROM MOTION GRANTING NEW TRIAL; BURDEN. The burden is upon appellant to show that the trial court committed error in granting a motion for a new trial.

2. **New Trial**: NEWLY DISCOVERED EVIDENCE. In order to entitle a party to a new trial upon the ground of newly discovered evidence it must be made to appear that the evidence has been discovered since the trial; that it was not because of the want of the exercise of due diligence that it was not discovered before; it must also be material to the issue, go to the merits of the cause, and not merely to impeach the character of a witness. Nor must it be merely cumulative, but must be such as ought to produce on another trial an opposite result on the merits. In this case it is held that the evidence is both cumulative and was not such as to produce a different result on another trial.

3. ——: ——: CUMULATIVE EVIDENCE: DEFINITION. Cumulative evidence is additional evidence of the same kind or degree as that previously given, and upon the same point, which in substance and effect simply repeats or adds to what has before been testified.

4. ——: ——: DIFFERENT RESULT: EXCESSIVE DAMAGES. It is not sufficient that the newly discovered evidence would in all probability reduce the amount of the judgment, which defendant claims is excessive, but it must clearly appear that, if the new testimony had been before the jury, this verdict, in the light of that evidence, would be so manifestly excessive as to entitle the defendant to a new trial.

5. ——: ——: MEANING OF ORDER. No grounds for granting a new trial can be considered on appeal, except such as are specified in the order. But the order must be considered as a whole, and if by fair interpretation, it asserts grounds other than newly discovered evidence, and these are sufficient, the order will be upheld.

*Appeal from Jackson Circuit Court.*—Hon. J. H. Slover, Judge.

Affirmed.

R. A. BROWN for appellant.

(1) The character, condition and value of plaintiff's saw mill building, its machinery, and its lumber, as well as the question as to the danger from sparks escaping from the Decker mill, were fully inquired into by both plaintiff and defendant during the progress of the trial. Defendant's alleged newly discovered evidence bears upon these questions alone, and is therefore wholly cumulative, contradictory and impeaching in its tendency. State v. Miller, 144 Mo. 26; State v. Stewart, 127 Mo. 290; State v. Nickens, 122 Mo. 607; State v. Welsor, 117 Mo. 570; State v. Myers, 115 Mo. 394; State v. Potter, 108 Mo. 424; Cook v. Railroad, 56 Mo. 380; Canfield v. Jackson, 70 N. W. Rep. 444; Madison Coal Co. v. Beam, 63 Ill. App. 178; Railroad v. Tinkhams, 44 S. W. Rep. 439; Sisler v. Shaffer, 28 S. E. Rep. 721. (2) The affidavits filed by defendant in support of its motion for a new trial, on the ground of newly discovered evidence, failed to disclose proper, or even ordinary diligence on defendant's part to procure the evidence before the trial. The mere statements, contained in the affidavits of defendant's attorneys to the effect that they talked with and made inquiries among such persons as would be likely to know about the facts in the case, and that they used all proper diligence, is not sufficient. Pemberton v. Johnson, 113 Ind. 538; Hines v. Driver, 100 Ind. 315; Hawxhurst v. Hennion, 9 N. Y. S. 542; 16 Am. and Eng. Ency. of Law [1 Ed.], 567; State v. Johnson, 139 Mo. 197; Cook v. Railroad, 56 Mo. 380; Tall v. Chapman, 66 Mo. App. 581; Norris v. Hix, 74 Ia. 524; Stewart v. Pattangall, 39 Atl. Rep. 474; Thompson v. Weld, 50 N. Y. S. 618; Simon v. Ins. Co., 50 N. Y. S. 736; Detroit Savings Bank v. Truesdail, 38 Mich. 430; Hunter v. Randall, 69 Me. 183; Rollins v. State, 61 Ga. 430; Aetna Ins. Co. v. Sparks, 63 Ga. 87. (3) Upon his affidavit, defendant based its sole reliance to secure a new trial on the ground

of newly discovered evidence.    New trials can not be granted
on the ground of newly discovered evidence unless the party
seeking such trial shows that such evidence came to its
knowledge since the trial.    Hanley v. Life Ass'n, 69 Mo.
380; State v. Miller, 144 Mo. 26; State v. Stewart, 127 Mo.
290; State v. Nickens, 122 Mo. 607; State v. Rockett, 87
Mo. 666; State v. Butler, 67 Mo. 59; State v. McLean, 27
Mo. 111; Hines v. Driver, 100 Ind. 319; Barrow v. State,
80 Ga. 191; Wright v. Railroad, 21 Ga. 335; Blake v. Madi-
gan, 65 Me. 522; Wilson v. Plank, 41 Wis. 94.    (4)    Where
alleged newly discovered evidence, as in this case, relates
merely to the amount of damages and where, according to
such evidence, the verdict would not appear excessive, a new
trial will not be granted.    Whippel v. Railroad, 35 Atl. Rep.
305.

WALLACE PRATT and I. P. DANA for respondent.

(1)    The burden rests on appellant of showing that the
trial court erred in granting a new trial.    Hewitt v. Steele,
118 Mo. 463; Bank v. Armstrong, 92 Mo. 265. (2) If the
motion for new trial could have been sustained for any
reason, whether those given by the trial court or any other
which can be deduced from the record, then the action of the
lower court must be sustained.    Hewitt v. Steele, 118 Mo.
463; Bank v. Armstrong, 92 Mo. 265; Bank v. Wood, 124
Mo. 72.    (3)    The exercise of the trial court's discretion,
in passing upon motions for new trial, will not be reviewed
by the appellate court, unless it plainly appears that it has
abused its discretion to the injury of a party.    Presumptively
its action, whether granting or denying a new trial, is right.
Eidemiller v. Kump, 61 Mo. 342; McDonough v. Nicholson,
46 Mo. 35; Cook v. Railroad, 56 Mo. 384; McCullough v.
Ins. Co., 113 Mo. 619.    (4)    If it is doubtful how the new
evidence will affect the case, the new trial should be granted.

State v. Bailey, 94 Mo. 316.   (5)   It is evident from the phraseology of the  order made by the trial court in sustaining the motion for new trial in the case at bar that it thought the verdict excessive and against the weight of evidence in other respects, as well as that a new trial should be granted because of newly discovered evidence.   An excessive verdict presents a case of a verdict against the weight of evidence. 4 Minor's Inst. 757; DeBrutz v. Jessup, 54 Cal. 118.

BURGESS, J.—This is an action for damages alleged to have been sustained by plaintiff by reason of the negligent management of one of defendant's engines by its servants, in consequence of which sparks of fire were emitted therefrom, and communicated to plaintiff's property, thereby consuming it, to its damage in the sum of $23,421.99.

The case was tried by the court and jury.

The fire occurred on or about the twenty-seventh day of February, 1895.   At that time and prior thereto plaintiff was operating a saw mill and furniture factory in the town of Black Rock, Arkansas.   The mill was constructed close to a spur track of defendant's railroad which ran from the town down the river to some saw mills.   West of this building, and immediately on the opposite side of this spur track, was located plaintiff's lumber yards.   About eighty feet due south of plaintiff's saw mill building, and east of said spur track was located a large frame saw mill building known as the Deland Mill.   The end of this building facing the spur track, was open.   Near the open end of this building, and on the second floor, there was a large shingle machine, under which was a large hole or chute through which the shingles and refuse fell.   At the bottom of this chute, and on the ground floor, was a large pile of rubbish or refuse wooden matter.   About five hundred feet southeast of plaintiff's mill stood what was known as the Decker saw mill.

About noon on the day of the fire or shortly before that time, one of defendant's railroad engines was engaged in switching on the spur track. It had gone south of plaintiff's mill building, picked up two empty box cars, and while backing along the track in front of the Deland mill building for the purpose of switching the two box cars off on another spur track, which extended down in front of the Decker mill, the engineer in charge reversed the engine, when the drive wheels were seen to slip upon the rails, and large volumes of black smoke and showers of cinders to escape from the smoke stack, some of the cinders being as large as grains of corn (one of which set fire to the hat of a bystander), which were carried by the wind towards the open end of the Deland mill, and within ten to thirty minutes thereafter fire was discovered at the foot of the chute under the shingle machine, which rapidly spread to and consumed plaintiff's mill building and lumber yards.

The engine from which it is claimed by plaintiff the sparks escaped which caused the fire, had the most approved appliances for preventing the escape of sparks and cinders; was in first class condition, and the engineer, in whose control it was, experienced and careful in its management.

The principal part of plaintiff's claim is for lumber destroyed by the fire. The jury returned a verdict for plaintiff, assessing its damages at $17,000. In due time defendant filed motion to set aside the verdict and for a new trial, which was sustained, and a new trial granted. From this order plaintiff appeals.

Plaintiff having appealed from the order of the court granting defendant a new trial, the burden rests upon it of showing that error was committed in so doing.

In the motion for a new trial a number of grounds are assigned therefor, the most important being the admission of irrelevant, incompetent and illegal testimony offered by plaintiff; the exclusion of proper, competent, material and

legal evidence offered by defendant; giving instructions by the court on the part of plaintiff and of its own motion; the refusal of instructions asked by defendant; modifying instructions asked by defendant and then giving them as modified; that the instructions given were conflicting, misleading and contradictory; that the verdict of the jury was against the evidence, and against the law as declared by the court; that the damages assessed are excessive, and because since the trial defendant has discovered new and additional evidence which is not merely cumulative and does not simply impeach or contradict any witness at the former trial, and which would change the result in the event of another trial and could be secured at such trial, and which defendant could not have discovered by reasonable diligence.

The last ground in the motion for new trial, to wit, newly discovered evidence, was supported by the affidavit of one of the attorneys for defendant which showed that it was no fault of it or of its attorneys that the evidence was not produced at the trial; and also by the affidavits of several witnesses whose evidence was not adduced by defendant at the trial, because unknown to the defendant, who knew the value of the lumber destroyed, and who placed it greatly below the value fixed by the witnesses who testified in behalf of plaintiff, and the amount which must have been allowed for it by the jury.

On the twenty-fifth day of April, 1896, the motion for new trial was sustained upon the ground as shown by the record, of newly discovered evidence.

Thereafter at the same term on motion of defendant the record entry was amended, and a *nunc pro tunc* entry of record made which read as follows: "In view of the fact that the evidence of the origin of the fire in this case is circumstantial, the location of the property to the railroad, the large amount involved and the large verdict rendered against the defendant, the testimony as to the value of the property destroyed is not as satisfactory as it ought to be, and if any

further testimony as to values can be had, the defendant ought to have an opportunity to produce it. What is said is not intended as any reflection on the integrity of the witnesses who testified to the values, but the meagre testimony as to this point arises from the peculiar circumstances of the case. And the motion for a new trial will be sustained for the reason that the defendant has discovered new and additional evidence in the case as to values of the property destroyed, and which ought not be regarded as merely cumulative in this case."

In order to entitle a party to a new trial upon the ground of newly discovered evidence it must be made to appear that the evidence must have been discovered since the trial, that it was not because of the want of the exercise of due diligence that it was not discovered before; it must be material to the issue, go to the merits of the cause, and not merely to impeach the character of a witness. Nor must it be merely cumulative, but must be such as ought to produce on another trial an opposite result on the merits.

Now it seems clear that the new evidence was discovered subsequently to the trial, and that it was not because of the want of the exercise of proper diligence by defendant that it was not discovered and produced at the trial; that it was material may be conceded because it tended strongly to show the value of the lumber to be much less than the value placed upon it by plaintiff's witnesses, therefore the excessiveness of the verdict; nor was it for the purpose of impeaching the character of a witness, but it was manifestly cumulative because with reference to a matter that a number of witnesses, both for the paintiff and the defendant, testified to upon the trial, that is, the value of the lumber. Cumulative evidence is said to be "additional evidence of the same kind or degree as that previously given, and upon the same point, which in substance and effect simply repeats or adds to what has before been

testified." [16 Am. and Eng. Ency. of Law, 575, note 1.] The general rule is that a new trial will not be granted on the ground of newly discovered evidence, when such evidence is merely cumulative of that introduced at the former trial. [Beauchamp v. Sconce, 12 Mo. 57; State v. Larrimore, 20 Mo. 425; State v. Stumbo, 26 Mo. 306; Miller v. Whitson, 40 Mo. 97; Culbertson v. Hill, 87 Mo. 553; State v. Rockett, 87 Mo. 666; Dollman v. Munson, 90 Mo. 85; State v. Stewart, 127 Mo. 290; State v. Miller, 144 Mo. 26.]

Nor should a new trial be granted upon the ground of newly discovered evidence unless it be of such a character as would probably change the result if a new trial were granted. [Culbertson v. Hill, supra; Byrne v. Reed, 75 Cal. 277.] It is not sufficient in a case of this character that the new testimony would in all probability have reduced the damages which defendant claims are excessive, but it must clearly appear that if the new testimony had been before the jury the verdict would be so manifestly excessive as to entitle the defendant to a new trial. [Burlingame v. Cowee, 16 R. I. 40.]

The new evidence could have had no effect other than to reduce the damages, as it is not claimed by defendants that it went to any issue involved in the case except the damages, hence could not have changed the result of the trial.

While in each of the cases cited a motion for new trial upon the ground of newly discovered evidence was denied, and an appeal taken upon that ground, and in the case at bar the appeal is taken from an order granting a new trial upon the ground of the discovery of such evidence, they are authority for holding that a new trial should not be granted upon newly discovered evidence which is merely cumulative and could not possibly have changed the result. While the granting of a new trial is largely within the discretion of the trial court, in granting such trial it must not abuse its discretion or act in disregard of well settled legal principles.

While the order granting the new trial specified the reasons therefor in the record, and no other ground can be considered on this appeal [Millar v. Madison Car Co., 130 Mo. 517], we are not disposed to give this order the restricted meaning contended for by plaintiff, but rather to give it the meaning which we think was intended by the court, and to which it occurs to us it is entitled by fair construction; and in doing this we attach no importance to the fact that the court at a subsequent day during the same term amended its order setting aside the verdict and granting a new trial, for this we think it clearly had the right to do.

While the order sustaining the motion and granting the new trial is rather inartistically drawn, it in effect says, that the evidence as to the origin of the fire, being circumstantial, was in view of the location of the property to the railroad unsatisfactory and the verdict as to the value of the property under the evidence excessive, and we think shows that the new trial was not granted upon the ground of newly discovered evidence alone, but for all the reasons specified in the order. If this was not the intention of the court, and is not the meaning of the order, it is scarcely probable that it would have made special mention of those facts in the order, and to hold otherwise would be to disregard them. The order must be construed as a whole, and full force and effect given to all its provisions, and when this shall have been done, it must be held to embrace grounds other than newly discovered evidence, upon either of which the court committed no abuse of its discretion in sustaining the motion for a new trial.

The judgment of the circuit court is affirmed, and the cause remanded to that court for further trial.

GANTT, P. J., and SHERWOOD, J., concur.