## THE STATE v. ROBERT J. SMITH, APPELLANT.

**Newly Discovered Evidence**: CRIMINAL PRACTICE. The Supreme Court will not disturb a judgment of conviction in a criminal case, because the trial court overruled a motion for a new trial based on newly discovered evidence, when the evidence does not tend to prove any matter of defense, but merely to impeach a witness for the State, if it appears that defendant knew before the trial that the testimony of such witness would be taken against him, notwithstanding it may also appear that he had previously made to others statements contradictory to what he testified to on the trial.

*Appeal from Mississippi Circuit Court.*—HON. DAVID L. HAWKINS, Judge.

*J. B. Dennis* for appellant.

*J. L. Smith*, Attorney General, for the State, cited *M. & M. Ins. Co. v. Curran*, 45 Mo. 142; *Goff v. Mulholland*, 33 Mo. 203; *Miller v. Whitson*, 40 Mo. 97; *Dear v. State*, 14 Mo. 348; *Jaccard v. Davis*, 43 Mo. 535; *Phillips v. Phillips*, .46 Mo. 607.

HENRY, J.—All the instructions, which were asked for by defendant, were given except one, and that was properly refused, because the substance of the refused instruction, had already, and in a much better form, been given in the second instruction of the court for the defendant. There was no error in the instructions given for the State; and the refusal of the court to set aside the verdict and grant a new trial, on the ground of newly discovered evidence, was proper. The ground alleged in the motion was, that Andrew Welch committed perjury on the trial of the cause, and that, on a new trial, defendant could prove it; and also that he had committed crimes in Cape Girardeau county and other places. The motion was accompanied by affidavits of defendant, Nathan M. Griggs, John H. Payne and S. E. Allen, defendant stating his surprise at the testimony of said Welch, and the other affiants respectively, that Welch had made statements to them contradictory of what he testified to on the trial of the accused.

The granting of a new trial, on the ground of newly discovered evidence, is a matter somewhat in the discretion. of the trial court, and when no abuse of that discretion is shown, this court is not inclined to interfere. The newly discovered evidence, in this case, would have had no tendency to prove any fact or facts upon which defendant relied as a defense, but only to impeach the veracity of Welch, a witness for the State; and the affidavit of the defendant shows that he knew that Welch was to be a witness for the State against him. He should have prepared beforehand to impeach the witness, and no reason is shown for not doing so, except that he was surprised by his evidence. The judgment is affirmed. All concur.

                                                    AFFIRMED.