ROACH v. COLBERN, *et al., Appellants.*

1. **Verdict**: WEIGHT OF EVIDENCE: PRACTICE IN SUPREME COURT. In a case submitted to the jury under proper instructions this court never disturbs the judgment on the ground that the verdict is against the weight of evidence.

2. **Witness**: DILIGENCE IN PROCURING HIS ATTENDANCE: NEW TRIAL. A party relying upon the promise of a witness to attend and testify, failed to have him subpœnaed. He was present about the time the case was called for trial, but afterward absented himself and a subpœna then issued could not be served because he could not be found. *Held,* that no diligence had been exercised to procure his attendance, and his absence was no ground for a new trial.

3. **New Trial**: CUMULATIVE EVIDENCE. A new trial will not be granted on the ground of failure to obtain evidence which is merely cumulative.

*Appeal from Johnson Circuit Court.*—HON. NOAH M. GIVAN, Judge.

AFFIRMED.

*Samuel P. Sparks.* for appellants.

*Henry Neill* for respondent.

NORTON, J.—Plaintiff sued defendants before a justice of the peace upon an account for $85.50, and obtained judgment, from which defendants appealed to the circuit court of Johnson county, where upon a trial *de novo* plaintiff again obtained judgment for $65.15, and defendants bring the case before us on appeal.

The principal question raised on the appeal is, that the verdict is against the weight of evidence. Upon an examination of the record we find that there was evidence directly tending to establish the account upon which plaintiff sued, and also direct evidence to the contrary. The question, under the evidence, as to the correctness of plaintiff's claim, was fairly submitted to the jury in an instruction presenting his theory of the case, and also in an

instruction embracing defendants' theory.    The instructions given are unexceptionable, and following the repeated rulings of this court we do not feel warranted to disturb the judgment on the ground that the verdict is against the weight of evidence.    *State v. Warner*, 74 Mo. 83;   *Hamilton v. Berry*, 74 Mo. 177;   *State v. Baber*, 74 Mo. 292.

Defendants accompanied their motion for new trial with an affidavit setting forth that Dr. Port was a material witness in their behalf, that the materiality of his evidence was known before the trial, that he promised and assured defendants that he would be present at the trial and give his evidence; that he was in attendance in court about the time the case was called for trial, but absented himself, whereupon they had a subpœna issued for him, which was not served because he could not be found.    The affidavit also sets out what he would swear to if a new trial should be granted.    Our opinion is that the court did not err in overruling the motion for new trial on the grounds stated in the affidavit, first, because, while it discloses the fact that the materiality of the evidence of this witness was known to defendants before the trial, it does not disclose legal diligence on the part of defendants to procure his attendance; and second, because the evidence he was expected to give was merely cumulative, and we have held that such evidence is not sufficient to warrant the court in granting a new trial.    *State v. Ray*, 53 Mo. 345 ;  *State v. Smith*, 65 Mo. 313.

Judgment affirmed, in which all concur.