MINNIE HURLBUT AND HUSBAND, Respondents, v. J.
W. JENKINS, Appellant.

Kansas City Court of Appeals, June 14, 1886.

1. PRACTICE—DEMURRER TO EVIDENCE—FINDING OF COURT — CASE
ADJUDGED.—Where, as in this case, the plaintiffs asked no declara-
tions of law, and those asked by defendant were in the nature of
demurrers to plaintiffs' evidence, or requests that under the evi-
dence the court should find for the defendant, the case stands, in
this court, on the simple question : was there sufficient evidence
to support the verdict ? And there is no difference, in this respect,
between the verdict of a jury and that of a court sitting as a jury.

2. ——— NEW TRIAL—GROUNDS FOR GRANTING.—It does not necessa-
rily follow, under the statute providing for the granting of new
trials (sect. 3704, Rev. Stat.), that because *affidavits* of the char.
acter filed in this case, the trial court should award a *venire de* ·
*novo.* This court cannot coerce the judgment of the trial court in
finding whether there was satisfactory proof to its mind of the
truth of the affidavits, or to find that it would have rendered other
verdict without the testimony of the witness sought to be im-
peached. Nor can this court interfere with the conclusion of the trial
court, under the circumstances disclosed by this record, without
usurping the province of the trier of the facts.

APPEAL from Jackson Circuit Court, HON. JAMES
H. SLOVER, Judge.

*Affirmed.*

The case and facts are stated in the opinion of
the court.

RIEGER & BUCKNER, for the appellant.

I.  The question presented for determination is a
mixed one of law and fact.  The burden of proving a
sale is upon the party alleging it ; and the fact of sale is
to be determined by what passed between the con-

tracting parties, at the *time and place* said alleged sale was made, if made at all.

II. Outside of the testimony of Mrs. Mara, there is *no evidence* to authorize a verdict, and even taking her testimony, as a whole, marked and tainted with perjury, as it is, together with the facts and circumstances in the case, a sale, in the legal acceptation of the term, is not proven.

III. Should the court think the evidence, as offered and received, sufficient to support a verdict, it should reverse and remand for the error committed in refusing to grant a new trial to defendant. The motion, among other things charges perjury committed by Mrs. Mara, and the motion is supported by five *affidavits*, which utterly discredit her. The statute is mandatory if perjury has been committed. Section 3704, Revised Statutes.

BRYANT & HOLMES, for the respondents.

I. The instructions asked by defendant were properly refused. They present no question of law; but, in effect, amount to a demurrer to plaintiffs' evidence. The court, sitting as a jury, found, that the evidence preponderated in favor of plaintiffs. This court will not review the finding of the circuit court on a pure question of fact.

II. Section 3704, Revised Statutes, does not aid the defendant. The subject-matter of the affidavits accompanying the motion for a new trial was covered by the testimony of defendant's witnesses on the trial. And even if the court had been satisfied that perjury or mistake had been committed by the witness Mara (which the court's ruling shows it was not satisfied of), the court must *also* have been satisfied that an improper verdict or finding was occasioned thereby, and that the party has just defence. The statute addresses itself peculiarly to the sound discretion of the trial court.

.    III.  The  judgment  ought  to  be  affirmed  with
.damages.

Philips, P. J.—This is an action of conversion. The
.question  involved  is  principally  one  of  fact.  The
plaintiff's evidence tended to show that on the sixteenth
day of October, 1884, one Mrs. C. W. Mara, who, so far
as shown by this record, was a *feme sole*, applied to
plaintiff for the loan of seventy-five dollars, offering as
.security  therefor  a  mortgage  on  the  piano  in  contro-
versy.  The  money  was  then  loaned,  and · a  chattel
·mortgage was duly executed, acknowledged, delivered
.and recorded, conveying this piano from Mrs. Mara to
plaintiff.  The piano was then in the possession of Mrs.
Mara.  The  defendant  shortly  afterwards  went  to  the
house of Mrs. Mara, in her absence, and carried the piano
.away, claiming that he was the owner thereof.

The defendant's evidence tended to show that on or
.about the day of October, just prior to the execution of
chattel  mortgage,  he  was  the  owner  of  the  piano,  and
that a woman calling herself Mrs. Fisher came to his
store in Kansas City ; and represented that she wished to
buy a piano as a birthday present to her daughter ; that
as it was not known that the piano she wanted or looked
at would be  satisfactory to the daughter, and as the ap-
plicant did not propose to pay the money down on the pro-
posed purchase, it was merely agreed that defendant
would send the piano to her residence that evening for
the occasion of the daughter's birthday party, as a loan,
.and that next day she was to call at the store and  make
·other selection, if she desired, and arrange for the com-
pletion of the proposed sale.  That the piano was so sent
·to her house, and on no other terms.

On the other hand, plaintiff's evidence tended to
:show that defendant, after  the delivery of the piano to
Mrs. Mara, admitted that he had sold her the piano, and
·that she was to pay for it afterwards.  Mrs. Mara also

testified that she made the purchase in person, and was to pay therefor in installments.

The court sitting as a jury found the issues for the plaintiff, and assessed the damages at seventy-five dollars. Defendant has appealed.

I. As the plaintiffs asked no declarations of law, and those asked by the defendant were in the nature of demurrers to plaintiffs' evidence, or requests that under the evidence the court should find for the defendant, this case stands here on the simple question : was there sufficient evidence to support the verdict? If there was the judgment should be affirmed. Aside from the testimony of Mrs. Mara, there was evidence, of credible witnesses, as to the admissions of defendant, to the effect, that he had sold the piano to Mrs. Mara; which, if believed by the trial court, was sufficient to support the verdict.

Counsel for defendant, in effect, concedes this, but his contention is, that as the case was tried by the court sitting as a jury, this court is not so much bound by the finding of the court as we would be by that of a jury of the country on a question of fact, and the weight of testimony.

This is not tenable. There is no difference in this respect between the verdict of a jury and that of the court sitting as a jury. *Fox v. Young, ante, p.* 386; *Sculenburg v. Cordell,* 71 Mo. 414; *Snyder v. Burnham,* 77 Mo. 52.

II. Among the grounds for a new trial, the defendant introduced the affidavits of the same witnesses, save one, who testified at the trial, to establish that Mrs. Mara had sworn falsely, and the affidavit of a detective impeaching her moral character. It is insisted that the court should have, thereupon, granted a re-hearing. Section 3704, Revised Statutes, provides, *inter alia,* that : " In every case where the court is satisfied that perjury or mistake has been committed by a witness and is also

satisfied that an improper verdict or finding was occasioned thereby by any such matters, and that the party has a just cause of action or of defence, it shall, on motion of the proper party, grant a new trial," etc.

It does not necessarily follow, under this statute, that because affidavits of the character filed in this case are presented that the trial court should award a *venire de novo*. In the first place the court must be satisfied that perjury has been committed, and in the second place, that discrediting the testimony of the corrupt witness, the verdict should have been for the other party. As the trial was had before the court sitting as a jury, it was the best judge as to whether perjury had been committed, and whether, disbelieving the false witness, it would have rendered a different judgment. As already stated, there was evidence, outside of the testimony of Mrs. Mara, to warrant the verdict that defendant had sold and delivered the piano when plaintiffs took the chattel mortgage thereon. How are we to coerce the judgment of the trial court in finding whether there was satisfactory proof to its mind that perjury had been committed by Mrs. Mara, or to find that it would have rendered other verdict without her testimony? Palpably we cannot interfere with the conclusion of the trial court, under the circumstances disclosed by this record, without usurping the province of the trier of the facts.

The judgment of the circuit court, with the concurrence of the other judges, is affirmed.