SHOTWELL *et al.* v. MCELHINNEY, *Appellant.*

1. **Fraudulent Conveyance**: EVIDENCE. The evidence in this case examined and *held* sufficient to warrant the finding of the trial court that the conveyance in question was made in good faith for a valuable and adequate consideration, and not for the purpose of defrauding the creditors of the grantor.

2. **New Trial**: SURPRISE. A new trial should not be granted on the ground of surprise where the surprise was occasioned by the fact that the evidence of the adverse party was different from what it was expected to be.

3. ———— : NEWLY-DISCOVERED EVIDENCE. The discovery of new evidence is no ground for a new trial, where such evidence merely tends to impeach a witness who testified in the case, and is to be given by one who was a witness at the trial.

*Appeal from St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*A. McElhinney pro se.*

(1) Upon the pleadings, the deed sought to be set aside is clearly and absolutely void as against the appellant, who stands in the place of a creditor existing at the time. R. S. 1879, p. 417, sec. 2497; *Gentry v. Robinson*, 55 Mo. 260; *Lionberger v. Baker*, 88 Mo. 447; *Reinhart v. Long*, 95 Mo. 401. (2) The deed read in evidence by the grantee does not bring him within the qualifications of section 2498. *Bonny v. Taylor*, 90 Mo. 63. (3) The deed of appellant is good in equity as against the conveyance to Kenneth Shotwell. *Metcalf v. Smith's Heirs*, 40 Mo. 572, p. 576, and cases there referred to. It was error to refuse appellant a new trial. *State v. Laughlin*, 27 Mo. 111; *State v. Ray*, 53 Mo. 345; *Snyder v. Burnham*, 77 Mo. 52.

*D. C. Taylor* and *William F. Broadhead* for respondents.

(1). Wm. B. Shotwell, even if insolvent, had a rignt to dispose of his land for an honest purpose, and for a valuable consideration ; and such disposition is not voluntary nor fraudulent of itself as to creditors. *Singer v. Goldenburg*, 17 Mo. App. 549 ; *Dougherty v. Cooper*, 77 Mo. 528 ; Bump on Fraud. Con., p. 180. (2) In order to set aside his deed, based on a valuable consideration, even if he were insolvent when made, it is necessary to prove a fraudulent intent and purpose on his part, and it cannot be presumed. *Ryan v. Young*, 79 Mo. 32 ; *Gentry v. Robinson*, 55 Mo. 260 ; *Henderson v. Henderson*, 55 Mo. 555 ; *Shelley v. Booth*, 73 Mo. 74 ; *Funkhouser v. Lay*, 78 Mo. 458. (3) The record and affidavit of appellant as to surprise as grounds for a new trial by reason of the testimony of Wm. B. and Kenneth Shotwell, and of D. C. Taylor, their attorney, shows a gross lack of diligence on the part of appellant, that he failed at the time to profess the surprise and protest that he was not prepared to meet it, or to ask a continuance, or leave to introduce other evidence ; but that he first took his chances of a verdict or finding ; wherefore, it should be disregarded by the court. *O'Conner v. Duff*, 30 Mo. 599 ; Graham & W. on New Trials, 963 ; *Bragg v. City of Moberly*, 17 Mo. App. 226, 227 ; Haynes on New Trials, par. 79 ; *Fretwell v. Laffoon*, 77 Mo. 28. (4) As to the ground of newly-discovered evidence, the affidavits and record show that due diligence has not been used with reference thereto by appellant; that it is cumulative, and not sufficiently material to change the result, and merely tends to impeach and contradict a former witness ; that it comes from a former witness, and it does not appear that it was not accessible at the trial. *State v. Rockett*, 87 Mo. 666 ; *State v. Griffin*, 87 Mo. 608 ; *Phillips v.*

*Phillips*, 46 Mo. 607 ; *Culbertson v. Hill*, 87 Mo. 553 ; *Snyder v. Burnham*, 77 Mo. 52 ; *Maxwell v. Railroad*, 85 Mo. 85 ; *Cook v. Railroad*, 56 Mo. 380.

BRACE, J.—This is an appeal from a judgment of the circuit court of St. Louis county upon an issue raised between appellant McElhinney and Kenneth Shotwell, two of the defendants in a partition suit pending in that court, as to which of them was entitled to the interest of William B. Shotwell in the lands of his father, John Shotwell, Sr., deceased, situate in said county, sought therein to be divided.

Kenneth Shotwell claimed the interest by virtue of a deed from his brother, dated August 13, 1884, and recorded August 18, 1886. The issue was raised by the answer of the appellant, who claimed the interest by virtue of two sheriff's deeds, one dated sixteenth day of February, 1886, made in pursuance of a sale under an execution upon a judgment for costs, rendered in said court on the twenty-eighth of November, 1884, in another partition suit of other lands, to which John Shotwell, Sr., was one of the original parties, and to which William B. Shotwell was made a party, as one of his heirs, after his father's death, but before final decree.

The other, dated June 22, 1886, was made in pursuance of a sale under an execution upon a judgment rendered in favor of John D. Woody, administrator, on the twenty-third of November, 1885. The appellant charged in his answer that the said conveyance from William B. to Kenneth Shotwell was made by the said William B., and accepted by the said Kenneth, "for the purpose of hindering, delaying and defrauding the creditors of the said William B. Shotwell out of their just debts, dues and demands, and was, therefore, void as against the creditors of the said Shotwell existing at the time, and asked a decree vesting the interest of William B. Shotwell in the premises in the appellant,

under his two purchases and sheriff's deeds for the same."

On appellant's motion, William B. Shotwell was made a party, duly summoned, and answered the petition, disclaiming all interest in the real estate sought to be divided. Kenneth Shotwell replied to the answer of appellant, denying its allegations ; upon the issue thus joined, the court treated appellant's answer as a cross-bill against the said Kenneth for equitable relief, dismissed his bill and rendered judgment against appellant for the costs incurred in trying the same, and from this judgment the appeal is taken.

I.   The evidence of the appellant on this issue tended to prove that, at the time William B. Shotwell executed the deed to his brother, he was indebted to several parties in various sums amounting, in the aggregate, to seven or eight hundred dollars ; that he left St. Louis county "suddenly," after making the deed to his brother, and went to Franklin county, Missouri. The evidence for the respondent, Kenneth Shotwell, on this issue tended to show that he bought the land from his brother in good faith for the sum of eight hundred dollars, and paid the consideration therefor. The evidence tends to show that the land was worth about that amount at the date of the deed from William B. to Kenneth ; both the brothers were examined on the trial of the issue and testified positively to the *bona fides* of the transaction ; their testimony was corroborated by other evidence, and the court upon the evidence found the issue for the respondent therein. After a careful examination of all the evidence, we are not prepared to say that the conclusion reached by the trial judge was incorrect.

II.   This would lead to an affirmance of the judgment, unless the appellant showed himself entitled to a new trial on the ground of surprise and newly-discovered evidence which he endeavored to do by filing an affidavit, the substance of which is " that he expected

to prove by D. C. Taylor that, at the time the pretended deed from William B. Shotwell to Kenneth Shotwell sought to be set aside was made, nothing was actually paid as a consideration for said conveyance; that this deponent had been informed, and expected, that the said defendants would testify at the trial that the money in gold coin, which defendant Kenneth Shotwell afterwards received from Shedd upon a deed of trust given him on the premises, had been paid by him to the said William B. Shotwell as the full consideration for the conveyance; that this deponent had procured the attendance of one John D. Woody as a witness to prove that, as a matter of fact, this was untrue; that, on the same evening that the coin was delivered to him, the said Kenneth Shotwell had paid over to said Woody a large portion of the said coin; that thereupon these defendants, having ascertained what the evidence of the said Woody would be, they changed their base, fabricated the state of facts detailed in their testimony, brought a witness from Franklin county, whose testimony gave coloring to the fabricated story, and by so doing surprised this deponent at their trial; that he had no knowledge or information, before the trial that any of these witnesses would testify as they did, and, consequently, had no witnesses to rebut any of this testimony, after the most careful inquiry.

"This affiant further says that since the trial of this cause, and after it was supposed that this controversy was at an end, to-wit: On the ninth day of April, 1887, the said John D. Woody, in a conversation in relation to said trial, informed him that on or about the day of May, 1885, and after the pretended conveyance sought to be set aside, he being at the time creditor of the said William B. Shotwell, and thus anxious to know the facts about the transaction, and his financial condition, asked the said Kenneth Shotwell whether he had paid to William B. Shotwell the full

consideration for the purchase of William B. Shotwell's interest in the land, and he answered that he had paid him the full amount; that he then asked him if he then owed William B. Shotwell any money, or had any of William B. Shotwell's money in his hands, and he answered that he had not."

This affidavit was supplemented by the affidavit of Woody that about ten days after the transfer by William B. to Kenneth Shotwell the latter told him that he had paid his brother in full for the land; that he had no money of the said William B. in his hands and owed him nothing.

We can discover in these affidavits no ground for a new trial. That his adversaries testified differently from what he expected may have been true, but that so old a practitioner as the appellant should have been surprised at that is remarkable. That he failed to prove by D. C. Taylor what he expected to prove by him was perhaps unfortunate for his case. Taylor, however, was introduced and examined by him as a witness in this case and he had ample opportunity to do so if he could; that he didn't, was probably simply because the witness could not testify as he would have had him. Woody also was a witness for the appellant and testified for him in the case, The declarations of Kenneth Shotwell, which he says he can now prove by that witness, would be only valuable to him as tending to impeach the evidence of Kenneth, showing a declaration of his as to time of payment, different from that testified to by him on the trial. Why did not he ask for that declaration when the witnesses were on the stand? The only explanation he gives is that he did not find out until after the trial that he could prove it by the witness Woody. Why didn't he find out before? The only reason discernible on the face of the affidavits is because he didn't inquire. What sort of diligence is this?

There is nothing in these affidavits to show surprise in the legal acceptation of the term.    The failure of the appellant to have the evidence of Woody as to Kenneth Shotwell's declarations before the court on the trial was owing to his own want of diligence.    The force of the evidence, so far as it would have been beneficial to the appellant, extends only to the impeachment of a witness who testified in the case.    And the court committed no error in refusing a new trial for any reason apparent upon the face of these affidavits. *Fretwell v. Laffoon*, 77 Mo. 26 ; *Snyder v. Burnham*, 77 Mo. 52 ; *State v. Rockett*, 87 Mo. 666 ; *Phillips, Adm'r, v. Phillips*, 46 Mo. 607 ; *State v. Butler*, 67 Mo. 59 ; *Maxwell v. Railroad*, 85 Mo. 95 ; *Cook v. Railroad*, 56 Mo. 380.

While all the points made by counsel have been carefully considered, it is not deemed necessary to incumber this opinion by discussing hypothetical equities, questions not involved in the real issues tendered by the pleadings or points not raised on trial, or passed upon by the court below.

The judgment is for the right party, and is affirmed. All concur.

---

101  683
75a  171

101  683
160   16

101  683
87a   45

101  683
89a  353

101   683
93a  ¹133
93a  ¹134