THE STATE OF MISSOURI, Respondent, v. JOHN KEITH, Appellant.

Kansas City Court of Appeals, January 3, 1893.

1. **Criminal Laws:** EVIDENCE: LEADING QUESTIONS. In a criminal prosecution it is not reversible error to allow leading questions to be asked unwilling witnesses, especially when the answers do not seem to have injured the defendant.

2. ———: PRESUMPTION OF INNOCENCE: INSTRUCTIONS. This instruction is approved: "The rule of law which presumes that every person accused of crime is innocent, and imposes upon the state the burden to establish his guilt beyond a reasonable doubt, is not intended to aid anyone who is in fact guilty of crime to escape punishment; but it is a humane provision of law, intended so far as human agencies can to guard against the danger of any innocent person being unlawfully punished."

3. ———: NEW TRIAL: NEWLY-DISCOVERED EVIDENCE. Newly-discovered evidence of a merely cumulative and impeaching character will not warrant a new trial or reversal.

*Appeal from the LaFayette Criminal Court.*—HON. JOHN E. RYLAND, Judge.

AFFIRMED.

*John S. Blackwell,* for appellant.

(1) In this case there was no such unwillingness or hostility on the part of the witness, J. M. Davis, to authorize or justify the prosecuting attorney in plying leading, suggestive and impeaching questions to said

witness, and the court committed error in permitting
the prosecuting attorney to abuse and violate the rule·
of law governing in such case, by asking and plying such·
questions. 1 Greenleaf on Evidence [Redfield's Ed.],.
secs. 434, 434a, and cases cited; *McLean v. Thorp*,.
3 Mo. 215; Kelly on Criminal Practice [2 Ed.], sec..
371.  (2) The court below erred in giving instruction
number 6 on the part of the state.  This instruction is.
both erroneous and misleading.  (3) The court below
committed error in refusing to grant the defendant a.
new trial on the ground of newly-discovered evidence.
*State v. Murray*, 91 Mo. 95; *State v. Curtis*, 77 Mo.
267; *Howland v. Reeves*, 25 Mo. App. 458; *Helen v.*.
*Bassett*, 9 Mo. 53.

*William Aull*, for respondent.

(1) Instruction number 6 was properly given, and
is unobjectionable.  *State v. Talbot*, 73 Mo. 347. It was
instruction 11 on part of the state given and approved
in the anarchists' case. 12 N. E. Rep. 904. (2) Newly-
discovered evidence of the character set forth in the·
affidavits immediately discovered by apparently newly-
created diligence does not warrant a setting aside of the
verdict.  *State v. Ray*, 53 Mo. 349; *State v. Stumbs*, 21
Mo. 354; *State v. Smith*, 65 Mo. 313; *Richardson v.*.
*Farmer*, 36 Mo. 46; *Fretwell v. Laffoon*, 77 Mo. 30;
*Bank v. Keen*, 101 Mo. 63; *Miller v. Whitson*, 40 Mo.
103; *Cook v. Railroad*, 56 Mo. 382; *Cohen v. Kyler*, 27·
Mo. 122; *Snyder v. Burnham*, 77 Mo. 52; *Hanly v.*.
*Ass'n*, 369 Mo. 382.

SMITH, P. J.—The defendant, a licensed dramshop·
keeper, was indicted, tried and convicted by the crim-
inal court of LaFayette county for the crime of selling
liquor on Sunday.  The defendant appeals, alleging as.

grounds therefor a number of errors which we will notice in the order of their presentation.

No error is perceived in the action of the court in permitting the prosecuting attorney to ask Davis, a witness for the state, certain questions which were somewhat leading in their character. The witness seems to have been an unwilling one, whose answers to questions propounded to him were so reluctantly and evasively made as to fully justify the action of the court. Besides this, the answers that were drawn out of the witness did not seem to have been such as to have injured the defendant.

The defendant further complains of the action of the court in giving an instruction for the state which told the jury that: "The rule of law which presumes that every person accused of crime is innocent, and imposes upon the state the burden to establish his guilt beyond a reasonable doubt, is not intended to aid anyone who is in fact guilty of crime to escape punishment, but it is a humane provision of law, intended, so far as human agencies can, to guard against the danger of any innocent person being unlawfully punished." In the trial of what is popularly known as the *"Anarchists' Case,"* this identical instruction was given and subsequently, on appeal, approved by the supreme court of Illinois. *Spies v. People*, 12 N. E. Rep. 865. We do not think it was or could have been harmful to defendant.

The defendant also asked a new trial on the ground of newly-discovered evidence. An examination of the affidavits filed with his motion discloses that such evidence is both cumulative and impeaching in its nature, and that it is therefore obnoxious to the rule adopted by the supreme court of this state in *State v. Ray*, 53 Mo. 349, and followed by that court in later cases.

VOL. 53—25

*Snyder v. Burnham*, 77 Mo. 52; *State v. Smith*, 65 Mo. 313; *Cook v. Railroad*, 56 Mo. 382; *Shotwell v. McElhinney*, 101 Mo. 677.

There is no merit in the appeal. It appears from the whole record that defendant was rightly convicted. The judgment must be affirmed. All concur.