B. C. THAYER & Co., Appellants, v. CHARLES G. WILLIAMS et al., Respondents.

Kansas City Court of Appeals, March 23, 1896.

1. **Appellate Practice:** CONFLICT OF EVIDENCE: VERDICT. The appellate court will not set aside a judgment merely because the verdict is opposed to a preponderance of the evidence. It must appear to be the result of passion or prejudice before the court will interfere.

2. **New Trials:** NEWLY DISCOVERED EVIDENCE: CUMULATIVE: DILIGENCE. A new trial will not be granted on the ground of newly discovered evidence which is only cumulative nor where there is a want of diligence shown.

3. **Evidence:** MECHANICS' LIEN: PAYMENT. In an action enforcing a mechanics' lien, it is not error to permit the landowner to testify that he had paid the contractor.

*Appeal from the Buchanan Circuit Court.*—HON. VINTON PIKE, Special Judge.

AFFIRMED.

*James F. Pitt* for appellants.

(1) The verdict is manifestly against the evidence. The defendant in so far as he attempts to say that his house was finished "on or near about the fourth day of December," shows himself upon the most superficial analysis to be unworthy of belief. *Clark v. Fairley*, 30 Mo. App. 335. (2) The verdict could not have been reached upon any other theory than that the jury considered that the law would not require one to pay for material twice. In view of the action of the court it would be legitimate argument for counsel to say that all that Williams was trying to do was to avoid paying twice, etc., trusting to the jury's notions of the law upon the subject. *McDonald v. Cash*, 45 Mo. App. 80. Until quite recently the popular notion that one could not be made to pay twice prevailed even with the bench and bar. *Henry & Coatsworth Co. v. Evans*, 97 Mo. 47; *Chilton v. Lindsay*, 38 Mo. App. 57; *Suttie v. Aloe*, 39 Mo. App. 43; *Bindbeutal v. Railroad*, 43 Mo. App. 470. (3) The motion for new trial should have been sustained on the ground of newly discovered evidence. *Howland v. Reeves*, 25 Mo. App. 450.

*Vories & Vories* for respondents.

(1) The appellate court will not reverse the lower court on the weight of the evidence. *O'Connell v. Railroad,* 106 Mo. 482; *Henry v. Railroad,* 109 Mo. 488; *Bray v. Kremp,* 113 Mo. 552; *Boggess v. Railroad,* 118 Mo. 328; *Watson v. Stromburg,* 46 Mo. App. 630; *College v. Borck,* 44 Mo. App. 19–339. (2) The owner had a right to state that he had paid the contractor for building his house, otherwise the jury might have inferred that the owner was trying to defeat a just debt, rather than defend against a dishonest contractor. This statement would not influence the jury so as to raise a presumption of prejudice, passion, or corruption on the part of the jury that would warrant a new trial. *Lovell v. Davis,* 52 Mo. App. 342; *Reisert v. Williams,* 51 Mo. App. 13; *Peseter v. Roberts,* 51 Mo. App. 222. (3) A refusal to grant a new trial on the ground of newly discovered evidence is not ground for reversal, when such evidence, if introduced, would be cumulative. *Morgan v. Wood,* 38 Mo. App. 255; *Claflin v. Sommers,* 39 Mo. App. 419; *Nelson v. Wallace,* 57 Mo. App. 397; *Stephens v. City of Macon,* 83 Mo. 345.

GILL, J.—This is a suit to enforce a mechanic's lien. The plaintiffs claim to have furnished certain materials to the contractor, who erected a house on defendant Williams' lot, and which said material went into the construction of the building. The last item of the account for which the lien was sought was charged to have been furnished at a date within four months of the time when the lien paper was filed. If this item was excluded, then there could be no mechanic's lien, since the account was not, in that event, filed within four months after the account accrued, as the statute requires. The defendant Williams denied that the last item was furnished as charged in the account, and claimed that his house was completed before that date.

The case, as to the mechanic's lien, turned on this single issue of fact. On a trial by jury, there was a verdict and judgment in favor of defendant Williams and therefore against the lien, and plaintiffs appealed.

We are asked to reverse this judgment and send the case back for a new trial on two grounds. *First*, because the verdict was against the weight of the evidence, and, *second*, that the court should have granted a new trial because of newly discovered evidence.

It is well settled in this state, that the appellate court will not set aside a judgment merely because, in its opinion, the verdict is opposed to the preponderance of the evidence. It is only in cases where the verdict is so outrageous as to force the conclusion that it was manifestly the result of passion or prejudice, that this court will interfere. We have read this record and find no such case as authorizes us in disturbing the judgment.

As to the other point, we discover no error in the court's ruling. The newly discovered evidence was only cumulative; and besides, there was no diligence shown. From aught that appears, if plaintiffs had exercised the least diligence, the evidence could have been procured in time for use at the first trial. It seems that this case had, at the time of the last trial, been pending more than four years.

The statement of Williams while on the witness stand, that he had paid the contractor for the building, could work no harm to the plaintiffs, even if such testimony was incompetent. The jury could but understand that this had no bearing on the right of plaintiffs to enforce their mechanic's lien. The instructions clearly advised them as to that and every feature of the controversy.

We discover no error in the record and the judgment will be affirmed. All concur.