THOMAS BRESNAN, Appellant, v. MICHAEL GROGAN, Respondent.

### St. Louis Court of Appeals, April 12, 1898.

Practice, Trial: MOTION FOR NEW TRIAL: NEWLY DISCOVERED EVIDENCE. To entitle a party to a new trial on the ground of newly discovered evidence it must appear that the evidence was not produced at the former trial from no want of diligence on the part of the mover; that it is not merely cumulative or designed to impeach the character or credit of a witness and that it is so material that it would probably produce a different result on a new trial.

*Appeal from the Knox Circuit Court.*—HON. E. R. McKEE, Judge.

AFFIRMED.

No brief furnished for appellant.

G. R. BALTHORPE for respondent.

The newly discovered evidence was **not cumulative.** It established the occurrence of circumstances and facts which should have changed the result of the trial. In Devlin's affidavit he states that "respondent told appellant to go and get the note and come down before the bank closed and he (respondent) would settle the note." There is a promise to pay long after he claims to have paid the $40 and according to his evidence he never executed any other note to this appellant. That

agreement to pay, just a few moments before he re-
fused to pay for the first time, with all the knowledge
of the transactions between them at the time he agreed
to pay, that he had at the time he refused, is conclusive
evidence that the note was not paid and must change
the result on another trial.    The flimsy excuse of
wanting to see the note is disposed of by his own evi- .
dence that he never executed but one note to appel-
lant when taken with Devlin's statement of promise to
pay.    In the language of Judge PHILLIPS in the case
of Howland v. Reeves, 25 Mo. App. 466:    "The newly
discovered evidence is therefore a new kind of evidence
and although it is additional to other evidence tending
to prove the same position yet it is not cumulative be-
cause it is of a different character, tending to establish
the same general result by proof of a new and distinct
fact."    If it is probable that the new evidence will
change the result then the appellant should have a new
trial. Schoenlan v. Friese, 14 Mo. App. 436; Payne v.
Weems, 36 Mo. App. 54.

BOND, J.—Suit on a note for $40 begun before a
justice, appealed to the circuit court where it was tried
upon the issue of payment.    The undisputed testimony
is that the defendant paid the plaintiff $40 at one time,
and shortly thereafter $4 or $4.50 additional, to cover
interest; that such payments were made to extinguish
a note for their aggregate amount given by defendant
to plaintiff, the only question being whether the note
so paid was the one in suit or one theretofore given to
plaintiff by defendant.    Plaintiff testified that he had
a prior note which had been running two and one half
years when these payments were made and that such
payments were in discharge thereof; that he did not
deliver said note when the $40 was paid because it was
not present, having been left at his home; that accord-

ing "to the best of his memory" he delivered the note
when the subsequent interest was paid;
EVIDENCE.
that about six months after these pay-
ments, the note in suit was given and nothing had been
paid thereon. On the other hand, the defendant
testified that he paid the $40 to plaintiff on the fif-
teenth. of June, 1895; that the money so paid was the
proceeds of a draft for $50 which he had received
for a sale of cattle; that a few days before the trans-
action he notified plaintiff to bring in the note as he
wanted to pay it when he collected the draft; that
plaintiff replied to him that the note was lost or mis-
laid; that he advised plaintiff to hunt for it and bring
it in for payment; that when he subsequently met
plaintiff and handed him the money plaintiff informed
him that the note could not be found.

Defendant further testified that he never gave any
note, except the one in suit, to plaintiff. Plaintiff testi-
fied that a few days before this suit was begun defend-
ant came to a church where plaintiff was at work and
asked him to get the note before the bank closed and
it would be paid. Defendant denied making any such
statement and claimed the only conversation had at
that time between himself and plaintiff was a request
on his part to be allowed to see the note, and that when
it was produced he informed plaintiff that it had been
paid. There was a verdict and judgment for defend-
ant. Plaintiff moved for a new trial, alleging as one
of the grounds newly discovered evidence as to the
conversation between himself and defendant at the
church. In support of his motion for a new trial on
this point, plaintiff filed his own affidavit and that of
J. C. Devlin, alleging in his own affidavit that he had
been unable, by due diligence, to learn until after the
trial, certain testimony which could be furnished by
J. C. Devlin. It was shown by the affidavit of Devlin

that he (Devlin) was present at the time of the conversation at the church and heard defendant tell "the plaintiff to get the note and come down before the bank closed and he, defendant, would settle it." The defendant filed a counter-affidavit, bearing on the question of diligence on the part of plaintiff in securing the testimony of Devlin, to the effect that said Devlin had been a continuous resident of the county for twenty years and was in the employ of plaintiff at the church at the time of the conversation then had between the parties. The court overruled the motion for new trial and plaintiff appealed. To entitle a party to a new trial on the ground of newly discovered evidence, it must appear that the evidence was not produced on the former trial from no want of diligence on the part of the mover; that it is not merely cumulative or designed to impeach the character or credit of a witness, and that it is so material that it would probably produce a different result on a new trial. State v. Stewart, 127 Mo. loc. cit. 296; State v. Nickens, 122 Mo. 607; State v. Myers, 115 Mo. 394; Mayor of Liberty v. Burns, 114 Mo. 426; Shotwell v. McElhinney, 101 Mo. 677; Cropper v. Mexico, 62 Mo. App. 385; Thayer v. Williams, 65 Mo. App. 673.

MOTION for new trial: when granted on newly discovered evidence.

In the case at bar the court might well have resolved the issue as to diligence made by the affidavits against the plaintiff. For if the statements made in defendant's affidavit were taken to be true, we can not see how plaintiff can escape the imputation of negligence in not securing the testimony of Devlin on the former trial. After the trial of this case in the justice's court plaintiff must have become aware of the conflict between his testimony and that of defendant as to the conversation between them at the church. With this knowledge and with the knowledge that Devlin was

present when the conversation was had and lived in the country, common prudence would have dictated to plaintiff the propriety of securing the corroborative force of Devlin's testimony on the trial in the circuit court. While the ruling of the court might be safely supported on these grounds, it was demonstrably correct when the inherent defects in the proposed testimony are considered. In the first place it is simply cumulative of substantially similar testimony given by the plaintiff, and like the latter merely contradictory of the testimony of defendant as to the extent of the conversation between the parties at the church. Secondly, as it presented no independent proof of any new facts, there is no reasonable probability that an opposite result would have been reached on a second trial.

Our conclusion is that the trial court exercised a wise discretion in overruling plaintiff's motion for a new trial, and its judgment is affirmed. All concur.